UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
OTIS AUSTIN,

                Movant,

    -against-

                                                          20-cv-0398 (LAK)
                                                            (05-cr-1157 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On May 1, 2008, movant pled guilty to a seven count indictment. Count 2 charged him with murder in relation to conspiracy to commit Hobbs Act robbery, pursuant to 18 U.S.C. § 924(j). Count 3 charged him with use of a firearm in relation to conspiracy to commit Hobbs Act robbery, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). On January 16, 2009, the Court sentenced movant to a total of 133 months' imprisonment: 96 months on each of Counts 1, 2, 4, and 7, to run concurrently with each other, and 37 months on each of Counts 3, 5, and 6, to run concurrently with each other, but consecutively to the terms on Counts 1, 2, 4, and 7. The Court ordered that the 133 months was to run concurrently with an undischarged federal sentence of seventy months, and consecutively to an undischarged state sentence of nine years.

        On January 13, 2020, movant moved to vacate his convictions pursuant to 28 U.S.C. § 2255. Because Counts 2 and 3 were predicated on a conspiracy to commit Hobbs Act robbery, these convictions no longer can stand after *United States v. Davis*, 139 S. Ct. 2319 (2019). In light of this, the government has consented to vacatur of movant's convictions on Counts 2 and 3. The convictions on those two counts are hereby vacated.

        With respect to all remaining counts of conviction, the motion [20-cv-0398, DI 1; 05-cr-1157, DI 274] is denied substantially for the reasons set forth in the government's letter dated April 7, 2020 [05-cr-1157, DI 281]. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

        The sentences on counts 2 and 3 were imposed with identical sentences on counts 1, 4 and 7 (in the case of count 2) and counts 5 and 6 (in the case of count 3), and the sentences on counts 1, 4 and 7 and those on counts 5 and 6 were to be served consecutively. Accordingly, this

ruling does not change the fact that the aggregate sentence of imprisonment is 133 months to run concurrently with a a federal sentence of seventy months and consecutively to a state sentence of nine years, each of which sentences was undischarged at the time of the original sentencing. On or before June 20, 2020, the parties shall SHOW CAUSE, if any there is, why the Court should not simply enter an amended judgment reflecting this ruling and dispense with any resentencing of the defendant.

SO ORDERED.

Dated: June 11, 2020

_____
Lewis A. Kaplan
United States District Judge